IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cr-18 |
| | ) | |
| AAQUIL PACLEY | ) | |

# MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

## I. Background

On July 30, 2024, a federal grand jury sitting in this judicial district indicted Defendant Aaquil Pacley ("Pacley") on one count of distributing and possessing with intent to distribute fentanyl (Count I) and one count of distributing and possessing with intent to distribute methamphetamine (Count II). The indictment alleged that these offenses occurred in February and April 2024, respectively, at a time when Pacley was on parole for prior state criminal offenses.

On August 7, 2025, Pacley pled guilty to the methamphetamine-related offense in Count II of the indictment and waived his right to a full presentence investigative report. That same day, this Court sentenced him to five years of imprisonment, to be followed by four years of supervised release.

Meanwhile, Pacley had been charged by Pennsylvania authorities with related state crimes stemming from the same conduct that formed the basis of his federal offenses. On August 29, 2025, Pacley was sentenced in state court to a term of 20 to 40 months' incarceration, to be served concurrently with his federal prison term.

Nearly five months later, on January 20, 2026, Pacley filed a *pro se* motion in this Court seeking relief from his federal judgment. ECF No. 50. In his motion, Pacley states that he "was expecting to go see [the] parol[e] judge right after state sentencing," but "[t]his did not happen." *Id.* at 2. Pacley explains that, because this Court did not address the parole violation at his federal sentencing hearing, a warrant was placed on him by the Commonwealth of Pennsylvania. Consequently, this "created a problem," because the Bureau of Prisons "doesn't allow inmates with detainers or warrants [to] apply for certain credits under the First Step Act or to be eligible for programs that further their rehabilitation until the warrants are cleared up." *Id.* at 2-3. According to Pacley, "Pennsylvania is not seeking to pick [him] up for his probation violation [until] after his federal sentence" is served. *Id.* at 3. And, because of this warrant, he states that he is "unable to apply FTC or SCA credit to be released," essentially "making him stay in federal custody longer than he would have if the parol[e] violation was addressed at sentencing." *Id.* Pacley contends that, pursuant to Section 5G1.3 of the United States Sentencing Guidelines, this Court should have ordered that his federal sentence be served concurrently with his future state sentence. Citing "Rule 60(b)," Pacley requests that this Court amend his federal judgment to include a directive that both his state sentence and his state parole sentence are to run concurrently with his federal sentence.

## II. Discussion

### *A. Pacley's Motion is Procedurally Improper*

As an initial point, Pacley's motion is procedurally flawed, as he has not cited an appropriate rule or statute by which he can pursue the relief he requests. While Pacley cites to "Rule 60(b)," this appear to be an improper reference to the Federal Rules of Civil Procedure, which relate to civil actions rather than criminal proceedings. *See* Fed. R. Civ. P. 60(b) (entitled

"Grounds for Relief from a Final Judgment, Order, or Proceeding"). Rule 60(b) of the Federal Rules of Criminal Procedure, on the other hand, pertains to victim's rights, a topic that is not implicated by Pacley's motion.

As a general matter, federal district courts are prohibited from modifying a term of imprisonment after it has been imposed. *See* 18 U.S.C. § 3582(c). Although there are exceptions where, *e.g.,* extraordinary circumstances justify a compassionate release or the prisoner has been sentenced according to a particular guideline range that was later reduced, those exceptions do not apply here. *See id.* at §3582(c)(1) and (2).

Additionally, federal prisoners can challenge their sentences under 28 U.S.C. §2241 and §2255, but neither of these provisions is properly invoked based on present circumstances. Motions filed under 28 U.S.C. §2255 are the presumptive means by which federal defendants can challenge the validity of their convictions or sentences. *See United States v. Krasley*, No. 5:18-CR-00545, 2026 WL 2517041, at *5 (E.D. Pa. Aug. 25, 2026) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974), and *O'Kereke v. United States*, 307 F.3d 117, 122–123 (3d Cir. 2002)). But that statute provides only "four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–427 (1962) (quoting 28 U.S.C. § 2255(a)); *see Krasley, supra*, at *5. Here, Pacley cannot show that his sentence was imposed in violation of federal law, and he makes no allegation implicating the other bases for relief under §2255.

Section 2241 provides an avenue by which federal inmates can challenge the execution, rather than the validity, of their sentences. *See Wolters v. Swaney*, No. 1:26-CV-01961, 2026 WL 2930074, at *1 (M.D. Pa. Sept. 29, 2026) (citing *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012), *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)). To do so, however, the petitioner must "allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at *2 (quoting *Cardona*, 681 F.3d at 537). No such allegations are made in Pacley's motion.

Nor do the Federal Rules of Criminal Procedure provide an avenue for relief. Pursuant to Rule 35(a), the sentencing court may, within fourteen (14) days after sentencing, correct a sentence that resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). As explained below, Pacley's request does not implicate any sentencing error at all, much less an "arithmetical," "technical," or "clear" error. Moreover, his request comes well after the 14-day period established by the rule.

Pacley's motion also does not implicate Rule 35(b), which involves sentence reductions based upon the defendant's substantial assistance in case. Even if it did, Rule 35(b) motions may only be brought by the government. Accordingly, Rule 35 provides no avenue for relief.

Lastly, Rule 36 allows the district court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule "may only be used to correct clerical errors, as opposed to "substantive errors."[] *United States v. Baskerville*, No. 23-1460, 2026 WL 66742, at *3 (3d Cir. Jan. 8, 2026) (footnote and citations omitted). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."[] *Id.* (footnote and citations omitted). "It is a mistake 'merely of recitation, of the sort that a clerk or

amanuensis might commit, mechanical in nature.'" *Id.* (footnote and citations omitted). This provision does not apply because, according to Pacley's motion, no mention was made at his federal sentencing regarding the state sentences he might be receiving as a result of his pending state criminal charges and his anticipated parole revocation proceedings. Thus, Pacley does not allege that the clerk failed to accurately record the sentenced imposed by this Court.

*B. Pacley's Motion Lacks Substantive Merit*

Even assuming that Pacley's motion is properly before the Court, it fails on the merits. Essentially, Pacley asks the Court to amend its prior judgment to specify that his federal sentence will run concurrently with his state court sentences. Since his own filing indicates that his state court sentence on the underlying drug trafficking conduct was imposed concurrently with the federal sentence, Pacley's motion is moot as to that particular point.

The real issue seems to concern Pacley's state parole revocation proceedings, which will apparently occur after Pacley completes his federal sentence. In *Setser v. United States*, the United States Supreme Court clarified that federal district courts may direct that a federal sentence run either concurrently with, or consecutively to, a state sentence that has not yet been imposed. *See* 566 U.S. 231, 234 (2012) ("[I]t was within the District Court's discretion to order that [the defendant's] sentence run consecutively to his anticipated state sentence in the probation revocation proceeding...."); *see also United States v. Heng Khim,* 748 F. App'x 440, 445 (2018) (district court erred by failing to recognize its authority to order that the defendant's federal sentence run concurrently with a possible impending state sentence for a parole violation"). Of course, the fact that a sentencing court *may* direct that a federal sentence run

concurrently with an anticipated state sentence does not mean that the sentencing court *must* do so.

In this case, based on all information in the evidentiary record, the Court finds no reason to depart from the sentence that was originally imposed. First, United States Sentencing Guidelines §5G1.3 does not support Pacley's request. The application notes indicate that

> Subsection (d) applies in cases in which the defendant was on ... state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed *consecutively* to the sentence imposed for the revocation.

U.S.S.G., 18 U.S.C. § 5G1.3 Application Note 4(C) (emphasis supplied). Subsection (d) may not technically apply to Pacley's case, since his parole status had apparently not been formally revoked as of the date of his federal sentencing. But the Application Notes are nevertheless clear that the Sentencing Commission recommends *consecutive* -- rather than *concurrent* -- sentences relative to the anticipated parole violation.

Second, Pacley has already benefitted from a sentence that is well below the recommended guidelines range. As the Court indicated at Pacley's sentencing hearing, his substantial prior criminal record places him in a criminal history category five (V). Therefore, the recommended sentencing range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months of incarceration. Yet the Court accepted Pacley's Rule 11(c)(1)(C) plea agreement and imposed the stipulated sentence of 60 months' imprisonment. Pacley also received the benefit of a concurrent state court prison term for the state court charges that were related to his federal offense. As the Government observes in its responsive filing, "it is not clear why the Defendant, with his extensive prior felony drug convictions, should be

entitled to no additional parole sanction for having continued to commit drug crimes while on supervision." ECF No. 54 at 3.

Because the Court agrees with this sentiment, and because it appears that Pacley's filing is procedurally improper to begin with, the motion will be denied.

An appropriate Order follows.

Date: October 28, 2026

Susan Paradise Baxter
United States District Judge